UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Andreh Bolandi,<br><br>      Petitioner,<br><br>   v.<br><br>Markwayne Mullin et al.,<br><br>      Respondents. | Case No. 5:26-cv-00628-MCS-MAR<br><br>ORDER RE: REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition (ECF No. 1), the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge ("R. & R.," ECF No. 13). Respondents filed an untimely answer to the petition, which the Court construes as objections to the Report and Recommendation. (Answer, ECF No. 14.) Consistent with its established position, the Court agrees with the Magistrate Judge that Petitioner's release from custody pursuant to the Court's order granting preliminary injunctive relief does not moot the underlying habeas petition. *See Martinez Cruz v. Lyons*, 5:25-cv-02879-MCS-MBK, 2025 U.S. Dist. LEXIS 234185, at *6 (C.D. Cal. Dec. 1, 2025) (Scarsi, J.) ("A habeas petition is not moot where preliminary relief is not made permanent."). The Court accordingly overrules Respondents' objections to the Report and Recommendation.

1

The Court further accepts the report, findings, and recommendation of the Magistrate Judge that Petitioner is entitled to relief on his due process claim. (R. & R. 8–9.) The Court respectfully disagrees with the Magistrate Judge, however, with respect to the recommended relief.

In addition to release from custody and relief attendant thereto, Petitioner prays for an order "that he not be redetained unless ICE complies with the constitution and its regulations" and "an order enjoining ICE from removing him to a third country without providing him an opportunity to challenge the removal hearing through a Reasonable Fear Interview." (Pet., Req. for Relief.) The Magistrate Judge recommends entering the proposed relief, specifically requiring Respondents to provide Petitioner with at least seven days' notice and an opportunity to respond before revoking Petitioner's order of supervision or attempting to remove him to a third country. (R. & R. 11.) But the facts and law presented in the petition pertain to Petitioner's claims that Respondents wrongfully detained him; they have no bearing on Respondents' anticipated handling of Petitioner *after* his release from present custody. (*See* Pet. 2, 6.) The Court will not grant habeas relief that exceeds the scope of the claims in the petition or is based on speculation about what might happen after Petitioner is released. *See, e.g.*, *Baca Garcia v. Warden*, No. 2:26-cv-00998-CAS-JDE, 2026 U.S. Dist. LEXIS 35758, at *6–7 (C.D. Cal. Feb. 20, 2026) ("[T]he fact that Petitioner is subject to re-arrest and re-detention that may violate due process or statutory authority is too speculative and hypothetical to give rise to a threat of injury sufficient to satisfy Article III standing. Petitioner does not demonstrate that his re-detention is more than speculative, and the Court cannot adjudicate a hypothetical future injury without a factual record." (citation omitted)); *Mora Gutierrez v. Noem*, No. 26-cv-112-RSH-JLB, 2026 U.S. Dist. LEXIS 9272, at *4–5 (S.D. Cal. Jan. 16, 2026) (declining to issue "a permanent injunction regulating the terms under which Petitioner may be detained in the future" because such an injunction would "exceed[] the scope of relief available to Petitioner on his habeas petition").

2

IT IS THEREFORE ORDERED that judgment be entered granting the Petition. Respondents shall restore the terms and conditions of Petitioner's release to those in place prior to his arrest on January 24, 2026.

DATED: July 14, 2026

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

3